UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUE ELLEN CURTIS,<br><br>Plaintiff,<br><br>v.<br><br>LHP POCATELLO, LLC, d/b/a PORTNEUF MEDICAL CENTER, and POCATELLO HOSPITALL, LLC, d/b/a PORTNEUF MEDICAL CENTER,<br><br>Defendants. | Case No. 4:15-cv-00444-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

Defendants LHP Pocatello, LLC and Pocatello Hospital, LLC have filed a Motion for Summary Judgment in this wrongful termination case. Dkt. 32. The Motion is fully briefed and ripe for decision. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court grants the Motion in part and dismisses the remainder of the claims for lack of subject matter jurisdiction.

Plaintiff Sue Ellen Curtis filed this suit on September 23, 2015. In her Complaint Curtis asserted four causes of action: (1) age discrimination in violation of Idaho and federal law; (2) sex discrimination in violation of Idaho and federal law; (3) religious

discrimination in violation of Idaho and federal law; and (4) wrongful termination in violation of public policy.

Defendants filed the pending motion for summary judgment on April 24, 2017. In her reply brief, Curtis "concede[d] that she has insufficient facts to support her age, gender, and religious discrimination claims." Dkt. 33, at 9. Summary judgment is, therefore, appropriate on these three causes of action. Accordingly, the Court dismisses those claims with prejudice. The only claim that remains is Curtis's claim for wrongful termination in violation of public policy, which is "a state-based claim" actionable under Idaho law. *See Harris v. Treasure Canyon Calcuim Co.*, 132 F. Supp. 3d 1228, 1239 (D. Idaho 2015).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It is appropriate for the Court to "raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). In her Complaint, Curtis asserted that this Court had federal question and supplemental jurisdiction over her claims pursuant to 28 U.S.C. §§ 1331, 1343(4), and 1367. Dkt. 1, at 2. After dismissing all of Curtis's federal claims, this Court no longer has federal question jurisdiction, and, in turn, supplemental jurisdiction, over any of the claims in this case. The Court, therefore, must dismiss this case for lack of subject matter jurisdiction unless it has diversity jurisdiction over the remaining claim. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter

jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.").

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity exists if none of the plaintiffs is a citizen of the same state as any of the defendants. *Caterpillar*, 519 U.S. at 68; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). A corporation is a citizen of the state "by which it has been incorporated" and the state "where is has its principal place of business." 28 U.S.C. § 1332(c)(1); *Montrose Chem. Corp. of Cal. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997).

In her Complaint, Curtis asserted that "at all times relevant to [her] claims, [she] was a resident of Bannock County, Idaho." Dkt. 1, at 2. She also asserted that "Defendant LHP Pocatello, LLC d/b/a Portneuf Medical Center, is a Delaware limited liability company, with its principal place of business in Pocatello, Idaho." *Id.* Both Curtis and at least one Defendant are both citizens of Idaho. Therefore, complete diversity does not exist in this case. Accordingly, the Court does not have diversity jurisdiction over this case and must dismiss it for lack of subject matter jurisdiction.

**ORDER**

IT IS ORDERD:

1. Defendants' Motion for Summary Judgment (Dkt. 32) is GRANTED as to Counts One, Two, and Three, and those claims are DISMISSED WITH PREJUDICE.

2. Count Four is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

3. The Motion Hearing set for November 13, 2017, at 1:30 PM before Judge David C. Nye is VACATED.

4. The Motion for Extension of Time (Dkt. 34) is DISMISSED AS MOOT.

5. The Court will enter judgment separately in accordance with Fed. R. Civ. P. 58.

DATED: October 26, 2017

David C. Nye
U.S. District Court Judge